## (February 24, 1956)

■ In the Matter of the Arbitration between JOHN J. KELLY, as President of Local 584 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., Respondent, and BABYLON MILK & CREAM CO., INC., Appellant. ED GILLER et al., Appellants.

*Per Curiam.* The parties to this drawn-out litigation seem to persist in maintaining positions equally untenable and at variance with the basic decision relating to the distribution of the award made by the arbitrator. Despite the clearest indications that the award was to be paid in specified allocations to named individuals, less the reasonable expenses of the union in prosecuting the claim resulting in the award, the company has obdurately insisted that the award was to be paid over without any deduction for expense and the union now takes the position that it is not accountable at all for the amount of the award which it has collected as the agent of the individuals in whose favor the award runs.

The matter is now before us on the appeal from a denial of a motion to punish the union for contempt. It is not possible on the record before us to determine whether or not there has been a contempt in the failure of the union to render any accounting or make any payment. It is possible that the maneuvers of the company have prevented an accounting or justified in some measure the failure of the union to make a distribution. A continuation of that failure, however, cannot be tolerated.

In order that an end may be brought to the bickering and a prompt and proper determination made, the order appealed from is modified, without costs, to remit the matter to Special Term to hear all claimants to any part of the fund, including the union, the individual beneficiaries of the award and their assignee, to determine the amount which should be allowed the union as expenses, and to make a final allotment for distribution of the award.

It may be anticipated that there will be some dispute as to the amount properly allowable to the union as expenses. The union should be allowed its reasonable expenses in creating the fund. It has been indicated that the union will also claim, as a charge against the fund, the expenses of resisting the company's claims and court actions respecting the fund. We do not attempt to suggest the extent, if any, to which the union might be entitled to recoupment of such expenses as a proper charge for protecting the fund. Consideration and determination of any such claim should be in the light of the conduct of the parties and the necessity or propriety of the positions they have taken in the course of the litigation between them.

Special Term may, if so advised, direct a reference in the matter. The resulting determination should be incorporated in the judgment by amendment. The determination of the motion to punish for contempt should be made in connection with the determination of the accounting.

Peck, P. J., Breitel, Bastow, Botein and Rabin, JJ., concur.

Order unanimously modified in accordance with the opinion herein and the matter remitted to Special Term for further consideration and, as so modified, affirmed, without costs. Settle order on notice. Order [denying motion to renew or reargue], having become academic by virtue of the decision of this court in appeal, decided herewith, is dismissed. [See *post,* p. 885.]